IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BARBARA KELLEY and WILLIAM             3:13-CV-02120-BR
PEARSE, individually and on
behalf of all persons                  OPINION AND ORDER
similarly situated,

        Plaintiffs,

v.

KAISER PERMANENTE, an assumed
business name of KAISER
FOUNDATION HEALTH PLAN OF THE
NORTHWEST, an Oregon
corporation; KAISER
FOUNDATION HEALTH PLAN, INC.,
a California corporation;
KAISER FOUNDATION HOSPITALS,
a California corporation;
NORTHWEST PERMANENTE, P.C.,
an Oregon professional
corporation; and ROE
CORPORATIONS 1 through 100,
inclusive,

        Defendants.


BRADLEY J. MOORE
R. TRAVIS JAMESON
Stritmatter Kessler Whelan Coluccio
200 Second Avenue W
Seattle, WA 98119
(206) 448-1777


1 - OPINION AND ORDER

**MARK E. GRIFFIN**
Griffin & McCandlish
1631 N.E. Broadway
#721
Portland, OR 97232
(503) 224-2348

   Attorneys for Plaintiffs

**TROY S. BUNDY**
**MATTHEW J. KALMANSON**
Hart Wagner, LLP
1000 S.W. Broadway
Suite 2000
Portland, OR 97205
(503) 222-4499

   Attorneys for Defendants

**BROWN, Judge.**

   This matter comes before the Court on Defendants' Motion
(#23) to Dismiss or Stay or in the Alternative to Dismiss the
First Claim for Relief.

   For the reasons that follow, the Court **GRANTS** Defendants'
Motion to Stay and **STAYS** this matter until *Benton v. Kaiser
Permanente*, No. 13-CV-5998-BHS (W.D. Wash.)(the *Benton* action)
has progressed sufficiently to determine whether this action will
have a basis to proceed that does not duplicate the *Benton*
action.  The Court **DENIES as moot** Defendants' Motion to Dismiss
and Alternative Motion to Dismiss the First Claim for Relief with
leave to renew those Motions if the *Benton* plaintiffs do not
amend their complaint to exclude the proposed class in this
matter or if they obtain certification of a class that includes

2 - OPINION AND ORDER

members of the proposed class in this matter.

## BACKGROUND

The following facts are taken from Plaintiffs' Second Amended Complaint.

On April 11, 2013, Defendants instituted a new protocol and placed automated lab orders (batch orders) for Kaiser members between the ages of 50 and 65 to receive Human Immunodeficiency Virus (HIV) screening as part of their routine care.  Defendants, however, did not notify the affected Kaiser members of the new protocol before subjecting those members to HIV screening.

On April 19, 2013, Defendants tested Plaintiffs Barbara Kelley and William Pearse for HIV without notifying them.

In May 2013 Defendants first advised Plaintiffs that Defendants had tested Plaintiffs for HIV without prior notification.

On November 27, 2013, Plaintiffs filed a Class Action Complaint in this Court in which they alleged when Defendants tested Plaintiffs for HIV without prior notice, they (1) committed an unfair trade practice in violation of Oregon Revised Statute § 746.240, (2) violated Oregon Revised Statute § 433.045, and (3) invaded Plaintiffs' privacy.

On December 10, 2013, Plaintiffs filed an Amended Complaint to amend factual allegations made in Plaintiff's Complaint and to

add further allegations to support their claims that Defendants

(1) committed an unfair trade practice in violation of Oregon

Revised Statute § 746.240, (2) violated Oregon Revised Statute

§ 433.045, and (3) invaded Plaintiffs' privacy.

On February 28, 2014, Plaintiffs filed a Second Amended

Complaint in which they allege when Defendants tested Plaintiffs

for HIV without prior notice, they (1) violated Oregon Revised

Statute § 433.045 and (2) invaded Plaintiffs' privacy.

Plaintiffs allege the class is comprised of

> [a]ll persons in the State of Oregon who, from on
> or about April 11, 2013 to on or about May 5,
> 2013, were subjected to HIV testing by Kaiser
> Permanente and/or its affiliated companies without
> first being notified that the HIV test was to
> occur and without being provided the opportunity
> to decline the HIV testing.

Second Am. Compl. at ¶ 23.

On March 14, 2014, Defendants filed a Motion to Dismiss or

Stay or in the Alternative to Dismiss the First Claim for Relief.

The Court took Defendants' Motion under advisement on April 11,

2014.


## DISCUSSION

Defendants seek a stay or dismissal of this matter on the

ground of the "first-to-file" rule.  Specifically, Defendants

assert they are subject to a class action in the United States

District Court for the Western District of Washington (the *Benton*

4 - OPINION AND ORDER

action) that was filed before this action and that encompasses members of the class in this action.

## I.  The *Benton* Action

On October 25, 2013, three Washington residents[1] filed a class action (the *Benton* action) in Washington State Court against the same Defendants in the matter before this Court alleging the defendants subjected the plaintiffs to HIV testing without their knowledge and consent.

On November 26, 2013, the *Benton* action was removed to the United States District Court for the Western District of Washington, where it is still pending.  In their class-action complaint the *Benton* plaintiffs allege in pertinent part:

> On or about April 11, 2013, Defendants instituted a new protocol and placed lab orders for members between the ages of 50 and 65 to receive Human Immunodeficiency Virus 20 "HIV" screening as part of their routine care.
>
> At all times relevant, Defendants failed to communicate this new protocol to its members, including Plaintiffs.
>
> * * *
>
> Between April 11, 2013 and a yet undetermined period, Defendants . . . caused thousands of members . . . including Plaintiffs, to be tested for HIV, without consent and unbeknown to the members, including Plaintiffs, that such testing was to occur.
>
> At all times material, Plaintiffs were never made

_____

[1] The plaintiffs' counsel in the *Benton* action, R. Travis Jameson, is also Plaintiffs' counsel in this matter.

> > aware of, did not consent to, did not authorize,
> > nor were they provided the opportunity to
> > "opt-out" of HIV testing or have questions
>
> > answered by Defendants prior to HIV testing having
> > occurred.

Decl. of Matthew Kalmanson, Ex. 2 at ¶¶ 15-16, 21, 28.  The plaintiffs' complaint defines the class as:  "All persons subjected to unauthorized and unconsented to HIV testing by Kaiser Permanente, and its subsidiaries between April 11, 2013 and a yet undetermined period."  Kalmanson Decl., Ex. 2 at ¶ 29. The complaint does not limit the class to Washington residents or to individuals tested in the State of Washington.

## II.  The First-to-File Rule

The first-to-file rule is "'a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.'" *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011) (quoting *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982)).  *See also Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997)("Under [the first-to-file] rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy.").

The rule "is not a rigid or inflexible rule to be

6 - OPINION AND ORDER

mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Apple Inc.*, 658 F.3d at 1161 (quotation omitted). "Indeed, the 'most basic aspect of the first-to-file rule is that it is discretionary[.]'" *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Ampam Riggs*, No. CV-14-00039-PHX-DGC, 2014 WL 1875160, at *2 (D. Ariz. May 9, 2014)(quoting *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)).

## III. Analysis

"Three factors are considered when determining whether the first-to-file rule applies:  (1) chronology of the two actions, (2) similarity of the parties, and (3) similarity of the issues." *Fyfe Co., LLC v. Structural Group, Inc.*, No. 3:14-cv-0078-GPC-NLS, 2014 WL 1729022, at *3 (S.D. Cal. Apr. 30, 2014)(citing *Alltrade*, 946 F.2d at 625 (9th Cir. 1991)).

### A.    Chronology

The record reflects the *Benton* action was filed in Washington State Court and removed to federal court before Plaintiffs filed this action.  Accordingly, the *Benton* action was the first action filed.

### B.    Similarity of the Parties

"'[T]he first-to-file rule does not require strict identity of the parties, but rather substantial similarity.'" *Fyfe*, 2014 WL 1729022, at *3 (quoting *Adoma v. Univ. of Phoenix*,

7 - OPINION AND ORDER

*Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010)).  "In other

words, exact identity is not required to invoke the first-to-file

rule."  *Id.* (citing *Wallerstein v. Dole Fresh Vegetables, Inc.*,

967 F. Supp. 2d 1289, 1290 (N.D. Cal. 2013)).  "The [first-to-

file] rule is satisfied if some [of] the parties in one matter

are also in the other matter, regardless of whether there are

additional, unmatched parties in one or both matters."  *Pac.*

*Coast Breaker, Inc. v. Conn. Elec., Inc.*, Civ. No. 10-3134 KJM

EFB, 2011 WL 2073796, at *3 (E.D. Cal. May 24, 2011).

            When evaluating the first-to-file rule in the context

of a class action, courts must compare the proposed "classes, and

not the class representatives."  *Ross v. U.S. Bank Nat'l Ass'n*,

542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008).  *See also Adoma*, 711

F. Supp. 2d at 1147 (proposed classes are compared to determine

similarity of parties).

            Finally, when deciding whether to apply the first-to-

file rule, courts must evaluate the pleadings as they exist at

the time of the motion to dismiss or to stay regardless of a

party's representations about what might happen in the future.

*See Walker v. Progressive Cas. Ins. Co.*, No. C03-656R, 2003 WL

21056704, at *2 (W.D. Wash. May 9, 2003)("Whatever plaintiffs'

stated intentions, the fact remains that they are currently

parties in the *Camp* action, and it is this fact, not plaintiffs'

future plans, that the court finds controlling.").  *See also*

*Gardner v. GC Svcs., LP*, No. 10-CV-997-IEG (CAB), 2010 WL

2721271, at *5 (S.D. Cal. July 6, 2010)(same).

Defendants assert the parties in the *Benton* action and

in this matter are sufficiently similar to invoke the first-to-

file rule because the proposed class as defined in the *Benton*

action encompasses members of the proposed class in this matter.

As noted, the class here is:

> All persons in the State of Oregon who, from on or
> about April 11, 2013 to on or about May 5, 2013,
> were subjected to HIV testing by Kaiser Permanent
> and/or its affiliated companies without first
> being notified that the HIV test was to occur and
> without being provided the opportunity to decline
> the HIV testing.

Second Am. Compl. at ¶ 23.  The proposed class in the *Benton*

action is:  "All persons subjected to unauthorized and

unconsented to HIV testing by Kaiser Permanente, and its

subsidiaries between April 11, 2013 and a yet undetermined

period."  Kalmanson Decl., Ex. 2 at ¶ 29.  Even though the

plaintiffs in the *Benton* action describe their proposed class in

terms of "unconsented" and "unauthorized" HIV testing and

Plaintiffs in this action describe their proposed class in terms

of individuals who were not first notified of the HIV testing,

Plaintiffs in this action also allege in this action that

"between April 11, 2013 and May 5, 2013, Plaintiffs were never

made aware of, were not given the opportunity to consent to, and

did not authorize HIV testing, nor were they provided the

9 - OPINION AND ORDER

opportunity to 'opt-out' of HIV testing."  Second Am. Compl. at
¶ 22.  In addition, the Court may reasonably infer under the
circumstances in this case that Plaintiffs who were not notified
of the HIV testing before it was done could not have consented to
or authorized HIV testing before it was performed.

Moreover, the proposed class in the *Benton* action
includes *all persons* subjected to unauthorized HIV testing by
Defendants between April 11, 2013, and some unknown date.  The
Court notes the plaintiffs in the *Benton* action do not limit
their proposed class to Washington residents or to individuals
tested in Washington nor do they exempt individuals in the State
of Oregon from the proposed class.  Accordingly, the proposed
class as defined in the *Benton* action includes individuals in the
State of Oregon who were tested for HIV without their consent
between April 11, 2013, and some unknown date.  Indeed,
Defendants note they asked Plaintiffs' counsel during the
conferral process to amend the *Benton* complaint to "carve out"
the class of Plaintiffs in this matter, but counsel declined.
Thus, as defined by the *Benton* plaintiffs, the proposed *Benton*
class clearly includes at least some portion of the members of
the proposed class in this action.

**C.   Similarity of the Issues**

Plaintiffs assert the issues in this action and the
*Benton* action are not similar because the *Benton* action alleges

violation of a Washington statute whereas in this matter
Plaintiffs allege violations of an Oregon statute and Oregon's
right-to-privacy laws.  Plaintiffs point out that the Washington
statute provides:  "No person may undergo HIV testing without the
person's *consent*."  R.C.W. 70.24.330 (emphasis added).  In
contrast, Oregon law requires health-care providers to "[n]otify
the individual being tested" and to "[a]llow the individual . . .
the opportunity to decline the [HIV] test" before "subjecting an
individual to an HIV test."  Or. Rev. Stat. § 433.045(2).
According to Plaintiffs, therefore, the Court should decline to
exercise its discretion to invoke the first-to-file rule on the
ground that the issues in this matter and the *Benton* action are
not sufficiently similar because Oregon requires mere notice and
a chance to decline HIV testing while Washington requires consent
to test.

      According to Defendants, however, the differences
between Washington and Oregon law will not have an impact on
class discovery in either matter even though such differences
might result in different class motion practice.  Defendants also
point out that the underlying factual allegations in both actions
are virtually identical.  For example, in both actions the
plaintiffs allege the same defendants failed to advise Kaiser
members about "automated law orders for members between the ages
of 50 and 65 to receive [HIV] screening as part of their routine

11 - OPINION AND ORDER

care" (Second Am. Compl. at ¶¶ 15-16; Kalmanson Decl., Ex. 2 at ¶¶ 11-12) and in both actions the class is defined in terms of Kaiser members who were screened for HIV without their knowledge from April 11, 2013, through at least May 5, 2013. Accordingly, Defendants assert the issues in both matters are sufficiently similar for the Court to exercise its discretion and to invoke the first-to-file rule with respect to this matter. The Court agrees.

On this record the Court concludes the proposed class in the *Benton* action, which was filed before Plaintiffs filed this action, includes members of the proposed class in this action and the issues in the two matters are similar. Accordingly, the Court, in the exercise of its discretion, concludes the first-to-file rule applies to this matter.

## IV. Stay or Dismissal

As noted, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, to stay, or to dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai*, 125 F.3d at 769. Defendants request the Court to stay this matter until the *Benton* plaintiffs file class-certification motions because this Court can lift the stay and allow this matter to proceed if the *Benton* plaintiffs amend their complaint to exclude the proposed class in this matter or seek

12 - OPINION AND ORDER

certification of a class that does not include the proposed
members of the class in this matter.  If, however, the *Benton*
plaintiffs do not amend their complaint to exclude the proposed
class in this matter or if the *Benton* plaintiffs obtain
certification of a class that continues to include members of the
proposed class in this matter, the Court should dismiss this
action.  The Court agrees.

Accordingly, the Court grants Defendants' Motion to the
extent that the Court stays this matter until the *Benton* action
has progressed sufficiently to determine whether this action will
have a basis to proceed that does not duplicate the *Benton*
matter.  The Court denies as moot the remainder of Defendants'
Motion with leave to renew the issue of dismissal if the *Benton*
plaintiffs do not amend their complaint to exclude the proposed
class in this matter or the *Benton* plaintiffs obtain
certification of a class that continues to include members of the
proposed class in this matter.


## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#23)
to Stay and **STAYS** this matter until the *Benton* action has
progressed sufficiently to determine whether this action will
have a basis to proceed that does not duplicate the *Benton*
matter.  The Court **DENIES as moot** Defendants' Motion (#23) to

13 - OPINION AND ORDER

Dismiss and Alternative Motion (#23) to Dismiss the First Claim

for Relief with leave to renew those Motions if the *Benton*

plaintiffs do not amend their complaint to exclude the proposed

class in this matter or the *Benton* plaintiffs obtain

certification of a class that continues to include members of the

proposed class in this matter.

    The Court **DIRECTS** the parties in this matter to file Joint

Status Reports at 90-day intervals beginning August 1, 2014, or

upon any earlier significant developments that any party wishes

to bring to the Court's attention.

    IT IS SO ORDERED.

    DATED this 29th day of May, 2014.


                    /s/ Anna J. Brown

                    _____
                    ANNA J. BROWN
                    United States District Judge

14 - OPINION AND ORDER